UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DYLAN JAMES DOTSON,                    )
                                       )
          Plaintiff,                   )
                                       )        No. 3:23-CV-88-TAV-DCP
v.                                     )
                                       )
ANDERSON COUNTY SHERRIFF'S             )
DEPARTMENT and ADAM WARREN,            )
                                       )
          Defendants.                  )

## <u>ORDER TO SHOW CAUSE</u>

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint for Violation of Civil Rights [Doc. 1] and his Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 4]. For the reasons more fully stated below, the Court **HOLDS IN ABEYANCE** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 4**].

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## A. Summary of the Complaint

Plaintiff states that his action arises under 42 U.S.C. § 1983 "to remedy the deprivation under color of state law of rights guaranteed by the Eighth and Fourteenth Amendments . . . to the United States Constitution" [Doc. 1 p. 1]. He names Anderson County Sheriff's Department and Adam Warren ("Officer Warren") as Defendants but also makes reference to the City of Clinton as a Defendant [*See id*.]. According to Plaintiff, on June 26, 2022, he "evaded arrest out of fear of [his] life" [*Id*. at 2]. Plaintiff alleges that he exited his vehicle and proceeded on foot down a creek bank when Officer Warren of the Anderson County Sherriff's Department and his K-9 partner, Axle, approached the bank [*Id*.]. Axle attacked Plaintiff by biting into his shoulder, leaving deep wounds from Plaintiff's chest to back [*Id*.]. Axle released his grip, and then Officer Warren held Plaintiff by gun point [*Id*.] Officer Warren commanded that Plaintiff move towards him, and Plaintiff complied [*Id*.]. While Plaintiff's hands were in the air, Officer Warren commanded Axle to attack Plaintiff for the second time, the pain of which almost caused Plaintiff to pass out [*Id*. at 3]. Due to the amount of blood he lost, Plaintiff was "life flighted" to the University of Tennessee Medical Center ("UT Medical Center") [*Id*.]. The wound in his chest was three inches wide and three inches deep, and he had a severe wound in his arm [*Id*.]. Plaintiff underwent surgery and was later transported to the Anderson County Detention Facility [*Id*.]. A day later, Plaintiff's wounds became infected, and he was transported back to the UT Medical Center, where he underwent a second surgery [*Id*.]. He remained at a trauma center at UT Medical Center for five days [*Id*.]. Plaintiff alleges that "[t]his encounter with Anderson County Sherriff's [D]epartment and Officer Adam Warren[,] along with his K-9 partner Axle has severely [a]ffected [him] physically and psychologically" [*Id*.].

Based on the above allegations, Plaintiff requests an order declaring that Defendants violated the Constitution and compensation for medical bills, pain and suffering, lost wages, and false imprisonment in the amount of $50 million dollars [*Id*. at 4].

## B.     Screening of the Complaint

Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

While Plaintiff's Complaint alleges wrongdoing by Officer Warren, he does not allege a plausible action against Anderson County, Tennessee ("County"), or the City of Clinton ("City").[1] According to the allegations, Officer Warren works for the County.  Even so, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  A plaintiff asserting a § 1983 claim against a municipality must establish that it had a policy or custom that was deliberately indifferent to the party's constitutional rights.  *Id*.  Specifically, "a plaintiff must identify the

---

[1]     Plaintiff names Anderson County Sheriff's Department as a Defendant, but it is well established that police departments are not suable entities pursuant to § 1983.  *Starnes v. Bedford Cnty./Jail/Sheriff Dep't*, No. 4:16-CV-22-CLC-CHS, 2016 WL 1239262, at *2 (E.D. Tenn. Mar. 29, 2016) ("Indeed, the Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983." (collecting cases)).   In light of Plaintiff's pro se status, however, the Court has construed Plaintiff's claim against Anderson County, Tennessee.  *Morrow v. Montgomery Cnty. Sheriff's Dep't*, No. 3:12-CV-00801, 2012 WL 3561069, at *2 (M.D. Tenn. Aug. 16, 2012) ("Because the plaintiff is proceeding *pro se,* the court could construe the plaintiff's claims against the Montgomery County Sheriff's Department as claims against Montgomery County.").

3

policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept't*, 8 F.3d 358, 364 (6th Cir. 1993). A plaintiff can also establish municipal liability based on a theory of failure to adequately train or supervise its employees. *North v. Cuyahoga Cnty.*, 754 F. App'x 380, 386 (6th Cir. 2018).

Here, Plaintiff does not include any allegations against the County or the City. Instead, his Complaint focuses on the actions of the individual officer and the K-9 officer. In addition, it is not clear to the Court why Plaintiff references the City because there are no allegations that the City or its officers were involved in the underlying incident. Instead of recommending that these entities be dismissed at this juncture, however, the Court **ORDERS** Plaintiff to show cause **within twenty-one days** why the City and County should not be dismissed from this lawsuit. In response to this show cause order, should Plaintiff wish to pursue any theory against the City or County, the Court **GRANTS** Plaintiff leave to file an amended Complaint. "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Polite v. VIP Cmty. Servs.*, No. 20-CV-7631 (LLS), 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020); *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his second amended complaint on or before **May 22, 2023.**

Plaintiff is **ON NOTICE** that the failure to timely file an amended complaint or to state a claim in the amended complaint may result in the dismissal of some of the claims. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 4**] is **HELD IN**

**ABEYANCE** pending the Court's review of Plaintiff's amended complaint, should he choose to file one.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge