UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DYLAN JAMES DOTSON, | ) |
| Plaintiff, | ) |
| | ) No. 3:23-CV-88-TAV-DCP |
| v. | ) |
| ANDERSON COUNTY SHERIFF'S DEPARTMENT and ADAM WARREN, | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint for Violation of Civil Rights [Doc. 1] and his Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 4]. For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 4**]. The Court will therefore allow Plaintiff to file his Complaint without prepayment of costs. Further, the Court **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's claim under the Eighth Amendment and that he **DISMISS** the Anderson County Sheriff's Department, Anderson County, Tennessee, and the City of Clinton as Defendants from this case but allow Plaintiff's remaining claim to proceed against Adam Warren.

**I.    DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 4] with the required detailing of his financial condition, and his Prisoner Account Statement Certificate ("Certificate") [Doc. 9] as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2). Plaintiff attests that he is not able to afford the

filing fee, and his Certificate shows that his average balance in his inmate account for the last nine months was $282.20. The Application and Certificate show that Plaintiff has little income and no assets and is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 4**].

Because Plaintiff is an inmate in the Anderson County Detention Facility, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Court **DIRECTS** the Clerk to file the Complaint in this case without the prepayment of costs and fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff states that his action arises under 42 U.S.C. § 1983 "to remedy the deprivation under color of state law of rights guaranteed by the Eighth and Fourteenth Amendments . . . to the United States Constitution" [Doc. 1 p. 1]. He names Anderson County Sheriff's Department and Adam Warren ("Officer Warren") as Defendants but also makes reference to the City of Clinton as a Defendant [*See id.*]. According to Plaintiff, on June 26, 2022, he "evaded arrest out of fear of [his] life" [*Id.* at 2]. Plaintiff alleges that he exited his vehicle and proceeded on foot down a creek bank when Officer Warren of the Anderson County Sherriff's Department and his K-9 partner, Axle, approached the bank [*Id.*]. Axle attacked Plaintiff by biting into his shoulder, leaving deep wounds from Plaintiff's chest to back [*Id.*]. Axle released his grip, and then Officer Warren held Plaintiff by gun point [*Id.*] Officer Warren commanded that Plaintiff move towards him, and Plaintiff complied [*Id.*]. While Plaintiff's hands were in the air, Officer Warren commanded Axle to attack Plaintiff for the second time, the pain of which almost caused Plaintiff to pass out [*Id.* at

3

3]. Due to the amount of blood he lost, Plaintiff was "life flighted" to the University of Tennessee Medical Center ("UT Medical Center") [*Id*.]. The wound in his chest was three inches wide and three inches deep, and he had a severe wound in his arm [*Id*.]. Plaintiff underwent surgery and was later transported to the Anderson County Detention Facility [*Id*.]. A day later, Plaintiff's wounds became infected, and he was transported back to the UT Medical Center, where he underwent a second surgery [*Id*.]. He remained at a trauma center at UT Medical Center for five days [*Id*.]. Plaintiff alleges that "[t]his encounter with Anderson County Sheriff's [D]epartment and Officer Adam Warren[,] along with his K-9 partner Axle has severely [a]ffected [him] physically and psychologically" [*Id*.].

Based on the above allegations, Plaintiff requests an order declaring that Defendants violated the Constitution and compensation for medical bills, pain and suffering, lost wages, and false imprisonment in the amount of $50 million dollars [*Id*. at 4].

### B.  Screening of the Complaint

Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Fourth Amendment prohibits unreasonable seizures. U.S. Const. amend. IV.[1] In order to hold an officer liable for excessive force, the plaintiff must allege that the officer: "(1) actively

---

[1]  Plaintiff cites to the Fourteenth Amendment, but the Court will construe his claim under the Fourth Amendment. The Fourteenth Amendment made the Fourth Amendment applicable to the States. *Thomas v. Cohen*, 304 F.3d 563, 569 (6th Cir. 2002). But the Supreme Court has held

4

participated in the use of excessive force; (2) supervised the officer who used excessive force; or (3) owed the victim a duty of protection against the use of excessive force." *Skover v. Titchenell*, 408 F. Supp. 2d 445, 449 (E.D. Mich. 2005) (citing *Turner v. Scott,* 119 F.3d 425, 429 (6th Cir. 1997)). In light of Plaintiff's allegations regarding his injuries, the Court finds that his excessive force claim should proceed beyond the initial screening phase against Officer Warren.

The Court notes that Plaintiff also references the Eighth Amendment [Doc. 1 p. 1]. "The Eighth Amendment bars state actors from wantonly inflicting pain on prisoners." *Phillips v. Tangilag*, 14 F.4th 524, 534 (6th Cir. 2021). Even construing the Complaint liberally, it appears Plaintiff was not a prisoner at the time of the encounter, and therefore, the Court recommends that Plaintiff's Eighth Amendment claim be dismissed.

In addition, on May 1, 2023, the Court entered an Order to Show Cause [Doc. 10], directing Plaintiff to show cause why certain defendants should not be dismissed. The Court noted that Plaintiff names Anderson County Sheriff's Department as a Defendant, but it is well established that police departments are not suable entities pursuant to § 1983. *Starnes v. Bedford Cnty./Jail/Sheriff Dep't*, No. 4:16-CV-22-CLC-CHS, 2016 WL 1239262, at *2 (E.D. Tenn. Mar. 29, 2016) ("Indeed, the Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983." (collecting cases)). In light of Plaintiff's pro se status, however, the Court construed Plaintiff's claim against Anderson County, Tennessee. *Morrow v. Montgomery Cnty. Sheriff's Dep't*, No. 3:12-CV-00801, 2012 WL 3561069, at *2 (M.D. Tenn. Aug. 16, 2012) ("Because the plaintiff is proceeding *pro se,* the court could construe the plaintiff's claims against the Montgomery County Sheriff's Department as claims against Montgomery County."). In its May 1

---

that a claim for excessive force in the course of making an arrest, investigatory stop, or seizure are properly analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 388 (1989).

Order, the Court directed Plaintiff to show cause why his claims against Anderson County ("County") or the City of Clinton ("City") should proceed given that he had not alleged a plausible action against either. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."). On June 5, 2023, Plaintiff filed a response to the Show Cause Order to inform the Court that he would not be filing an amended pleading, and he "understand[s] the City shouldn't be placed in the situation" [Doc. 13 p. 1].

In light of Plaintiff's representation, the Court recommends that the County and City be dismissed from this lawsuit. Further, the Court notes that Plaintiff does not include any allegations against the County or the City. Instead, his Complaint focuses on the actions of the individual officer and the K-9 officer. *Monell*, 436 U.S. at 694 (explaining that a plaintiff asserting a § 1983 claim against a municipality must establish that it had a policy or custom that was deliberately indifferent to the party's constitutional rights); *Garner v. Memphis Police Dept't*, 8 F.3d 358, 364 (6th Cir. 1993) ("[A] plaintiff must identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.").

## III. CONCLUSION

For the reasons more fully stated above, the undersigned **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 4**]. Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as explained above. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[2] because the

---

[2] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

undersigned **RECOMMENDS**[3] that Plaintiff's Eighth Amendment claim be **DISMISSED** and that the Anderson County Sheriff's Department, Anderson County, Tennessee, and City of Clinton be **DISMISSED** as Defendants in this case. The Court **RECOMMENDS** that the excessive force claim proceed against Officer Warren.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

7

Case 3:23-cv-00088-TAV-DCP   Document 14   Filed 06/06/23   Page 7 of 7   PageID #: 47