UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DYLAN J. DOTSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-88-TAV-DCP |
| ADAM WARREN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action is before the Court on defendant's motion for summary judgment [Docs. 70, 72]. Plaintiff has not responded, and the time for doing so has long expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, defendant's motion for summary judgment [Docs. 70, 72] will be **GRANTED** and this case will be **DISMISSED**.

### I.      Background

Plaintiff, proceeding *pro se*, brought this action against Officer Adam Warren, the Anderson County Sheriff's Department ("ACSD"), and the City of Clinton, pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights [Doc. 1]. The Court screened plaintiff's complaint pursuant to the Prison Litigation Reform Act and dismissed all claims except a claim of excessive force against Officer Warren [Doc. 17]. Officer Warren now moves for summary judgment as to that sole remaining claim [Docs. 70, 72].

In the complaint, plaintiff alleges that on June 26, 2022, he evaded arrest "out of fear for [his] life" [Doc. 1, p. 2]. He states that he fled on foot down a creek bank and

Officer Warren of the ACSD, and his K-9 partner, Axel, followed him [*Id.*]. Axel then bit plaintiff in the shoulder, near his neck, leaving deep gashes on plaintiff's chest and back [*Id.*]. Plaintiff states that Axel released his bite, and Officer Warren commanded plaintiff, at gunpoint, to ascend the creek bank [*Id.*]. Plaintiff asserts that he complied with this order, and raised his hands in the air, but Officer Warren nonetheless commanded Axel to attack plaintiff a second time, at which point Axel bit plaintiff's right arm, causing severe damage and pain [*Id.* at 2–3]. Due to his injuries, plaintiff was flown to the University of Tennessee Medical Center and underwent surgery [*Id.* at 3]. He ultimately underwent a second surgery after developing an infection in the wounds [*Id.*].

Conversely, in his sworn declaration, submitted in support of the motion for summary judgment, Officer Warren states that, on the day in question, he was on patrol, and another officer was involved in a vehicle pursuit, in which plaintiff was the driver [Doc. 72-1, p. 3]. Upon becoming aware of the pursuit in progress, Officer Warren joined and, when plaintiff exited the vehicle and fled on foot, Officer Warren pursued him [*Id.* at 4]. Officer Warren yelled for plaintiff to stop or he would deploy his K-9 unit, who could bite [*Id.*]. Officer Warren commanded Axel to begin tracking [*Id.*]. After crossing a fence into a field, Officer Warren again warned that he had deployed his K-9 unit, and that plaintiff should stop or the K-9 unit may bite him [*Id.*]. As Officer Warren approached the creek, Axel began pulling towards the water and descended the embankment next to the creek, at which point Officer Warren heard plaintiff begin yelling [*Id.*]. Officer Warren then dropped Axel's leash and unholstered his firearm [*Id.*]. Plaintiff was kneeling in water approximately chest deep [*Id.*]. Officer Warren commanded plaintiff to put his hands up

2

[*Id.* at 5]. Axel had attached to plaintiff's left shoulder, but plaintiff managed to sling the K-9 unit off [*Id.*]. Within 5 to 10 seconds, Axel was able to reattach to plaintiff's right arm [*Id.*]. Officer Warren did not give a separate command for Axel to reattach, but it is consistent with Axel's training to reattach when an individual is able to physically remove him or sling him off [*Id.*]. At the time when Axel reattached, plaintiff had not yet complied with Officer Warren's commands and was holding his hands at or below the water level [*Id.*]. After Axel reattached, Officer Warren repeated his commands, and, when plaintiff put his hands up and moved towards the bank, Officer Warren gave the release command, and Axel immediately complied [*Id.*]. Officer Warren then returned to his vehicle after ensuring that first aid arrived for plaintiff [*Id.*]. Officer Warren's contemporaneous canine incident report mirrors this version of events [Doc. 72-2, p. 2].

Plaintiff was charged with felony evading arrest, misdemeanor evading arrest, improper passing, speeding, failure to obey a traffic control device, reckless driving, probation violation, two counts of reckless endangerment, and driving on a suspended license [Doc. 72-1, p. 6; Doc. 72-2, pp. 5–6]. He ultimately pled guilty to felony evading arrest, in violation of Tennessee Code Annotated § 39-16-603, in Anderson County Criminal/Circuit Court [Doc. 72-1, p. 6; Doc. 72-3, p. 3].

II.     **Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of

3

the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the initial burden of informing the court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party can satisfy this burden by presenting affirmative evidence that negates an element of the nonmoving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

To successfully oppose a motion for summary judgment, "[t]he non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 252 (1986)). A party opposing a Rule 56 motion has the duty to affirmatively present and point out *specific evidence in the record* sufficient to justify a jury decision in his favor. *See* Fed. R. Civ. P. 56(c)(1); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989); *Anderson*, 477 U.S. at 256. The nonmoving party cannot simply rely on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. And merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248; *accord McLemore v. Gumucio*, 619 F. Supp. 3d 816, 823 (M.D. Tenn. 2021).

Under Federal Rule of Civil Procedure 56(e), if a party fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the motion and may grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e). Here, Plaintiff has not responded, and the deadline for a response has long passed. Accordingly, the Court will consider the facts presented by defendant, to the extent that they are supported by the evidentiary materials submitted with the motion, as undisputed.

## III. Analysis

In *Heck v. Humphrey*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486–87 (1994) (footnotes omitted). There are two circumstances in which an excessive-force claim may conflict with a conviction: (1) when the criminal provision makes the lack of excessive force an element of the offense; or (2) when excessive force is an affirmative defense to the crime. *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010).

"Under Tennessee law, an officer's excessive use of force is a defense to a charge of resisting or evading arrest; thus, a guilty plea and resultant conviction of such a charge necessarily includes a finding that the officer did not use excessive force." *Matheney v. City of Cookeville*, 461 F. App'x 427, 430–31 (6th Cir. 2011) (quoting *Roberts v.*

5

*Anderson*, 213 F. App'x 420, 427 (6th Cir. 2007)); *see also Baker v. Claiborne Cnty.*, 3:21-cv-380, 2024 WL 2885902, at *3 (E.D. Tenn. June 7, 2024). Thus, under the second scenario, a claim of excessive force may conflict with a Tennessee conviction for evading arrest.

However, the inquiry does not end there. Although excessive force that occurred before the actions that constitute evading arrest would be *Heck*-barred, because such could have been raised as an affirmative defense to the charge of evading arrest, excessive force claims based on conduct that occurred before the evading began or after the evading ended are not barred by *Heck*. *Id.* at 431 (stating that "an excessive force claim is not barred when the alleged use of force occurred after the suspect was handcuffed and brought under control"); *see also Cook v. McPherson*, No. 1:05-cv-136, 2007 WL 1004606, at *5 (E.D. Tenn. Mar. 30, 2007) ("*Heck* bars a plaintiff's § 1983 excessive force claim to the extent that the claim is based on excessive force that occurred *before* the plaintiff began to resist arrest."); *Potvin v. City of Westland Police Dep't*, No. 05-cv-70291, 2006 WL 3247116, at *9 (E.D. Mich. Nov. 7, 2006) ("*Heck* does not bar any excessive force that occurred after Plaintiff had been arrested."). When the officer's use of force and the suspect's criminal conduct are inextricably intertwined, *Heck* bars the excessive force claim. *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005). If the use of force occurs after a suspect is handcuffed and brought under control, the force would not be "inextricably intertwined" with the suspect's evading arrest. *Parvin v. Campbell*, 641 F. App'x 446, 450 (6th Cir. 2016).

Plaintiff's excessive force claim is barred by the *Heck* doctrine. The basis of plaintiff's excessive force claims against defendant stems from the force used against plaintiff while he was evading arrest, and before he complied with Officer Warren's commands. Although plaintiff alleges, in his complaint, that he was complying with Officer Warren's commands at the time of the second K-9 bite, the evidence provided by defendant, in support of summary judgment, does not support this allegation, and plaintiff has provided no evidence to support his claim. Thus, the Court finds no genuine issue of material fact as to whether plaintiff was complying with Officer Warren's commands at the time of the second bite, as the evidence shows that plaintiff was not complying with commands at that time.

Ultimately, because an officer's excessive use of force is a defense to a charge of evading arrest, and therefore, a conviction for evading arrest necessarily includes a finding that the officers did not use excessive force, *Parvin*, 641 F. App'x at 449, plaintiff's conviction on the charge of resisting arrest forecloses his claims of excessive force against Officer Warren. This case does not fall within the scenario where the use-of-force occurred before or after the evading ended. Instead, the alleged use-of-force is inextricably intertwined with the conduct that was the basis for the evading arrest conviction. Accordingly, viewing the evidence in the light most favorable to plaintiff, the Court finds that plaintiff's excessive force claim is barred by the *Heck* doctrine. Summary judgment is therefore **GRANTED** in favor of the defendant, and plaintiff's excessive force claim is **DISMISSED**.

7

## IV. Conclusion

For the reasons set forth above, defendant's motion for summary judgment [Docs. 70, 72] is **GRANTED** and this case is **DISMISSED**. A separate judgment order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE